IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00452-LTB
(**The above civil action number must appear on all future papers sent to the court in this action.   Failure to include this number may result in a delay in the consideration of your claims.**)

JORDAN PRIMM,

    Applicant,

v.

DANA SWEENY, Englewood Adult Parole Division,
MAT WALZ, Englewood Adult Parole Division,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant is in the custody of the Colorado Department of Corrections and is detained at the Denver Van Cise-Simonet Detention Center.   He initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1).   As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court determined that the submitted document was deficient.   (ECF No. 3).

On February 25, 2016, the Court entered an Order Directing Applicant to Cure Deficiencies.   (ECF No. 3).   Specifically, the Court instructed Mr. Primm to submit a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the court-approved form, along with a certified copy of his inmate account statement showing the current balance in his inmate account.   Mr. Primm was warned that failure to cure the designated deficiencies within the time allowed could result in the dismissal of this action without prejudice.

Applicant filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on March 8, 2016. (ECF No. 4).   However, he failed to attach a certified copy of his inmate account statement.   Thus, by Minute Order entered March 10, 2016, the Court instructed Mr. Primm to submit a certified copy of his inmate account statement showing the balance in his account within thirty days from the date of the Minute Order.   (ECF No. 6).   The Court warned Mr. Primm that failure to comply with the Minute Order could result in dismissal of this action without further notice.

The time for compliance with the Order Directing Applicant to Cure Deficiencies and subsequent Minute Order has now run, without response from Applicant.   Mr. Primm has failed to comply with these Orders within the time allowed.

Therefore, the action will be dismissed without prejudice for failure to prosecute and comply with the Court's orders.   Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Primm files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Primm failed to prosecute and comply with the Court's orders.   It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Primm has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   26th   day of   April   , 2016.

                    BY THE COURT:

                    s/Lewis T. Babcock
                    LEWIS T. BABCOCK
                    U.S. Senior District Judge